# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 7, 2006

128863

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

JONATHON CARL SCHEIDLER,
      Defendant-Appellant.

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 128863
COA: 250977
Ogemaw CC: 03-002091-FH

_____/

On order of the Court, the application for leave to appeal the April 19, 2005 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

CAVANAGH and KELLY, JJ., would remand this case to the Ogemaw Circuit Court for an evidentiary hearing on defendant's claims of juror bias regarding juror Burgher.

MARKMAN, J., dissents and states as follows:

Although the post-trial standard for granting a new trial on the basis of juror bias is a demanding one, *People v Daoust*, 228 Mich App 1 (1998), the allegation of bias in this case is unusually compelling and raises a serious question regarding whether defendant received a fair trial. Under the unusual circumstances of this case, I would remand for an evidentiary hearing regarding defendant's claims of bias on the part of one juror. In all other respects, I would deny defendant's application.

Defendant was convicted by a jury of child sexually abusive activity, MCL 750.145c(2), for filming underage girls engaging in sexual conduct. Defendant admitted that he filmed the activity, but claimed in defense that he believed the girls to be over 18. After trial, defendant obtained an affidavit from a juror who claimed that she had not disclosed that she had been raped by one of defendant's potential witnesses, Jason Krueger. The trial court denied defendant's motion for an evidentiary hearing, and the Court of Appeals affirmed defendant's conviction.

In *Daoust*, *supra* at 9, the Court of Appeals stated:

> [W]hen information potentially affecting a juror's ability to act impartially is discovered after the jury is sworn, the defendant is entitled to relief only if he can establish (1) that he was actually prejudiced by the presence of the juror in question or (2) that the juror was properly excusable for cause.

Here, the juror stated that had she known during voir dire the extent of Kruger's involvement -- that he was to attest to defendant's credibility *and* that he allegedly was a participant himself in defendant's unlawful conduct -- she would not have told the judge that she could be fair and impartial. She also stated that she could not say how she would have voted had Kruger not been involved and that, had she been the defendant, she would not want herself on the jury.

It is relevant here that: (1) the juror claimed that Kruger had committed a sex crime against her, (2) the instant offense concerned illegal sexual activity, (3) there was testimony that Kruger himself participated in the illegal sexual activity, (4) the statute at issue, MCL 750.145c(2), contains a requirement regarding knowledge of the victim's age, (5) the defendant claimed to have no knowledge that the girls involved were under 18, and (6) Kruger was mentioned by a character witness for the defendant as one of three people who could vouch for defendant's trustworthiness. In other words, credibility was a key question at trial, and the juror was asked to believe that defendant had not engaged in any sexual impropriety on the basis that *her own rapist would vouch for him*.

In light of these unusual circumstances, I believe that defendant has presented sufficient evidence warranting an evidentiary hearing on the issue of juror bias. I would therefore remand to the trial court for that purpose.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 7, 2006

_Corbin R. Davis_
Clerk

t0404